UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Jennifer L.,[1]

                                                              Civ. No. 22-3018 (JRT/DJF)

                Plaintiff,

v.

                               **MEMORANDUM OPINION AND ORDER**

Kilolo Kijakazi,                           **ADOPTING REPORT AND**
                                                       **RECOMMENDATION**

                Defendant.

---

Clifford Michael Farrell, **MANRING & FARRELL**, 5810 Shier Rings Road, Front, Dublin, OH 43016; Edward C. Olson, **REITAN LAW OFFICE**, 80 South Eighth Street, Suite 900, Minneapolis, MN 55402, for Plaintiff.

Ana H. Voss, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415; James D. Sides, Marisa Silverman, Sophie Doroba, **SOCIAL SECURITY ADMINISTRATION, OFFICE OF PROGRAM LITIGATION**, 6401 Security Boulevard, Baltimore, MD 21235, for Defendant.

Plaintiff Jennifer L. objects to Magistrate Judge Dulce J. Foster's Report and Recommendation ("R&R") finding that the ALJ's decision to deny social security benefits was supported by substantial evidence. Jennifer L.'s objection is only that the ALJ did not properly account for the psychological consultants' opinions limiting her to "superficial" workplace contact. Because the Court finds that the ALJ's limitations are

---

[1] This District has adopted the policy of using only the first name and last initial of any nongovernmental parties in Social Security opinions such as this Order.

equivalent to "superficial" contact and the ALJ's opinion was supported by substantial evidence, it will overrule Jennifer L.'s objections and adopt the Magistrate Judge's R&R.

## BACKGROUND

The facts of this case are described extensively in the R&R. Because Jennifer L. does not specifically object to the statement of facts and procedural history in the R&R, the Court will adopt those statements in full and only briefly summarize the relevant background information here.

### I.  FACTS

Plaintiff Jennifer L. applied for social security disability insurance benefits and supplemental security income. (Soc. Sec. Admin. R. ("R") at 285–301, Mar. 01, 2023, Docket No. 11.)[2] Her claims were denied on initial review and later, upon reconsideration. (*Id.* at 18.) After a telephonic hearing, the Administrative Law Judge ("ALJ") determined Jennifer L. was not disabled. (*Id.* at 18, 32.)

The ALJ acknowledged many severe impairments that limited Jennifer L.'s ability to perform basic work activities, but he also found that none of the impairments met the medical severity of any listed impairment which required a calculation of her Residual Functional Capacity ("RFC"). (*Id.* at 19–21.) The ALJ considered the medical opinions and findings of the Disability Determination Service psychological consultants ("psychological consultants") in his evaluation which indicated that Jennifer L. could

---

[2] For convenience and consistency with the R&R, the Court cites to the consecutive pagination of the Administrative Record, rather than the CM/ECF pagination.

"interact briefly/superficially with coworkers/supervisors." (*Id.* at 29–30.) However, the ALJ found these psychological consultants' opinions to be only partially persuasive because Jennifer L.'s working conditions required additional limitations. (*Id.*)

Jennifer L.'s RFC allowed her to perform light work with certain limitations. (*Id.* at 24.) Specifically, the ALJ limited Jennifer L. to "occasional interaction with co-workers and supervisors" and "no transactional interaction with the public." (*Id.*) The ALJ further specified that Jennifer L.'s work "should deal with things rather than people" and "there should be no tandem tasks or teamwork required." (*Id.*) In light of her RFC, the ALJ found that Jennifer L. could no longer perform the same work she had done in the past but could still perform other jobs that exist in significant numbers in the national economy. (*Id.* at 30–31.)

After receiving the ALJ's decision, Jennifer L. sought review from the Appeals Council, which denied her request for review. (R. at 1.) Jennifer L. then sought review by the Court. (Compl., Dec. 02, 2022, Docket No. 1.) Magistrate Judge Dulce J. Foster issued an R&R recommending denial of Jennifer L.'s motion for summary judgment and dismissal of her Complaint. (R. & R. at 14, Oct. 31, 2023, Docket No. 21.) Jennifer L. objected to the R&R, claiming the Magistrate Judge erred by finding substantial evidence supported the ALJ's limitations of workplace interactions despite excluding the term "superficial." (Pl.'s Obj. to R. & R., Oct. 31, 2023, Docket No. 21.)

**DISCUSSION**

I.   **STANDARD OF REVIEW**

After a magistrate judge files an R&R, a party may file "specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1). "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*, No. 07–1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008). For dispositive motions, the Court reviews de novo "properly objected to" portions of an R&R. Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3). "Objections which are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to de novo review, but rather are reviewed for clear error." *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015).

II.   **ANALYSIS**

The Court reviews proper objections to R&Rs on dispositive motions, like Jennifer L.'s, de novo. *See* D. Minn. LR 7.1(c)(6)(B) (identifying motions for summary judgment as dispositive). However, Jennifer L.'s objections are merely restatements of those raised in her initial memorandum in support of her motion for summary judgment. Before the Magistrate Judge, she questioned the ALJ's failure to use the word "superficially." And here, she disagrees with the Magistrate Judge's finding that the ALJ's opinion excluding the word "superficially" was supported by substantial evidence. The Court finds that

-4-

these objections are recitations of prior arguments to be reviewed for clear error, which the Court does not find. *See Montgomery*, 98 F. Supp. 3d at 1017. But, even if evaluated de novo, the Court does not find any error with the ALJ's decision.

A court reviewing a denial of benefits decides only whether the decision complied with the law and whether the findings are supported by substantial evidence. 42 U.S.C. § 405(g). A court must uphold a denial of benefits based on factual findings if the denial "is supported by substantial evidence on the record as a whole." *Rappoport v. Sullivan*, 942 F.2d 1320, 1322 (8th Cir. 1991); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive"). "[T]he threshold for such evidentiary sufficiency is not high . . . . It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations and internal quotation marks omitted).

Still, this inquiry requires the Court to consider evidence that both supports and detracts from the ALJ's decision. *See Andrews v. Colvin*, 791 F.3d 923, 928 (8th Cir. 2015). Substantial evidence, however, may be less than a preponderance of the evidence and a court may not reverse the ALJ's decision "even if substantial evidence would have supported a contrary decision or even if [it] would have decided the case differently." *Pierce v. Kijakazi*, 22 F.4th 769, 771 (8th Cir. 2022). In other words, if the Court can reasonably draw two inconsistent conclusions, both of which are supported

by the evidence, and one supports the ALJ's findings, the Court must affirm the ALJ's decision.  *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007).

When evaluating whether substantial evidence supports the conclusion, the Court may only consider the rationale the ALJ gave for the decision.  *Banks v. Massanari*, 258 F.3d 820, 824 (8th Cir. 2001) ("A reviewing court may not uphold an agency decision based on reasons not articulated by the agency, when the agency has failed to make a necessary determination of fact or policy upon which the court's alternative basis is premised." (cleaned up)); *see also SEC v. Chenery Corp.*, 318 U.S. 80, 87–88 (1943). Thus, even if there is evidence in the record for an alternative rationale that would support the outcome reached by the ALJ, a reviewing court may not search the record for this evidence.  *See Mayo v. Schiltgen*, 921 F.2d 177, 179 (8th Cir. 1990).  Still, standing alone, an ALJ's failure to adequately explain the rationale or factual finding or to address specific facts in the record does not require a reviewing court to remand if the record as a whole provides substantial evidence for the decision.  *Vance v. Berryhill*, 860 F.3d 1114, 1118 (8th Cir. 2017).

Jennifer L. objects to the Magistrate Judge's conclusion that the ALJ's RFC effectively limited her to "superficial" interactions, even if the ALJ did not use the exact same terminology as the psychological consultants.  (R. & R. at 11–12.)  Thus, the Magistrate Judge reasoned that the "ALJ created a logical bridge from which the Court can trace the ALJ's analysis" and consideration of the psychological consultants'

opinions. (*Id.* at 12.) Jennifer L. argues that the ALJ deviated from the psychological consultants' opinion without sufficient explanation or support in the record.

Jennifer L. correctly notes that "occasional" and "superficial" are distinct descriptors of interactions. *Kenneth J.V. v. Kijakazi*, No. 22-373, 2023 WL 2394397, at *10 (D. Minn. Jan. 27, 2023). But the ALJ did not just limit Jennifer L. to occasional interactions. The ALJ further limited Jennifer L.'s interactions by requiring "no transactional interaction with the public, i.e. sales, negotiation, customer service, or resolution of disputes." (R. at 24, 29–30.) He also found that her work should "deal with things rather than people" and should not involve "tandem tasks or teamwork." (*Id.* at 24.) Courts have found that the precise language the ALJ appended to "occasional" is no less restrictive than a limitation to "superficial" interactions.[3] Jennifer L.'s objection thus rests on no more than the omission of the specific word used by the psychological consultants. But, as she correctly points out, the ALJ was not required to

---

[3] *Gary L.L. v. Kijakazi*, No. 23-16, 2023 WL 7535002, at *7 (D. Minn. Oct. 11, 2023) (finding that "it is hard for the Court to comprehend" how the limitations set forth by the ALJ, including "no transactional interaction with the public" and "the work itself should deal with things rather than people," "are less onerous than brief, infrequent, and superficial contact with the general public."); *Kearns v. Comm'r of Soc. Sec.*, No. 19-1243, 2020 WL 2841707, at *12 (N.D. Ohio Feb. 03, 2020), ("[T]he ALJ's limitation to no team or tandem tasks is a qualitative limitation on social interaction and adequately addressed the opinion...that Kearns be limited to superficial interaction with others."); *Romo v. Comm'r of Soc. Sec.*, No. 20-1557, 2021 WL 5040385, at *7 (N.D. Ohio July 9, 2021) ("[S]ince the ALJ limited Claimant to 'no tandem work,' such a limitation prevents him from working alongside coworkers and supervisors. It logically follows then that the only interaction that Claimant would have with his coworkers and supervisors would be superficial.")

use their exact language. *Gary L.L. v. Kijakazi*, No. 23-16, 2023 WL 7535002, at \*7 (D. Minn. Oct. 11, 2023).

The ALJ also explained that the psychological consultants' opinions were only partially persuasive because Jennifer L.'s impairments were more severe. He supported this explanation with specific examples of additional limitations and an evaluation of the record as a whole. Based on this explanation, the Court finds that the ALJ's opinion can logically be followed, and his conclusion is supported by substantial evidence.

## CONCLUSION

Jennifer L. objects to the Magistrate Judge's findings that the ALJ's workplace limitations were supported by substantial evidence. Her objection primarily rests on the argument that the ALJ failed to include the limitations imposed by the psychological consultants and failed to explain that change. The Court agrees with other courts that have routinely found that the ALJ's language is not less restrictive than the term used by the psychological consultants. Because the ALJ's terminology did not substantially differ from the psychological consultants and likely limited it further, the Court finds little basis for Jennifer L.'s objections. Further, the Court finds that the ALJ sufficiently explained how he used the psychological consultants' opinions in his final opinion. As such, the Court will overrule Jennifer L.'s objections and adopt the Magistrate Judge's R&R.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Objections to the Report and Recommendation [Docket No. 22] are **OVERRULED**;

2. Magistrate Judge Dulce J. Foster's Report and Recommendation [Docket No. 21] is **ADOPTED**;

3. Plaintiff's Motion for Summary Judgment [Docket No. 13] is **DENIED**; and

4. Plaintiff's Complaint [Docket No. 1] is **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: January 16, 2024
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge